```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
OSCAR SANDERS,

                       Plaintiff,       :        08 Civ. 11081 (GBD) (DF)

   -against-                           :        **REPORT AND RECOMMENDATION**

DEP. MOORE, *et al.*,                 :

                    Defendants.     :
------------------------------------------------------------X

**TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:**

After filing a Complaint in this prisoner civil rights action, *pro se* plaintiff Oscar Sanders ("Plaintiff") has failed to take any steps to serve defendants or otherwise to prosecute his case, warranting dismissal of the action for failure to prosecute. Further, even if Plaintiff's neglect of his case could be excused, the case would nonetheless be subject to dismissal because, from the face of the Complaint (Dkt. 2), it is apparent that Plaintiff failed to exhaust his administrative remedies prior to commencing this action. For these reasons, and as set out more fully below, I recommend that the action be dismissed, *sua sponte* and without prejudice, pursuant to Rules 4(m), 12(b)(6), and 41(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

### A. Background

On or about November 20, 2008, Plaintiff filed his Complaint (Dkt. 2), alleging that, on November 15, 2008, while incarcerated at Otis Bantum Correctional Center, he was physically assaulted by defendant Deputy Moore and other correctional officers.[1] According to Court

---

[1] The Court notes that Plaintiff's excessive force claim has a three-year statute of limitations. *See, e.g., Rusch v. P.O. Fed Office*, No. 11-CV-0091 (CBA), 2011 U.S. Dist. LEXIS 11055, at *8 (E.D.N.Y. Feb. 4, 2011).

records, the *Pro Se* Office subsequently mailed Plaintiff a packet alerting him to his obligation under Rule 4(m) to serve the named defendants within 120 days, and enclosing forms for Plaintiff to fill out and send to the U.S. Marshals Service, so that it could effect service on all defendants. It appears, however, that this package was returned to the *Pro Se* Office as undeliverable on January 26, 2010, probably because Plaintiff had been released from custody.

On January 19, 2011, nearly a year later, upon becoming aware that service had never been effected and that Plaintiff had not received the *Pro Se* Office's packet, this Court sent Plaintiff a second letter, informing him of his obligation to serve defendants under Rule 4(m), as well as his obligation to keep the Court apprised of an address where he could be reached. The Court warned Plaintiff that "any extension of time under Rule 4(m) [would] only be made upon a showing of good cause for [his] failure to serve the defendants in a timely manner." Plaintiff, who, by that time, had apparently been reincarcerated, plainly received that second letter, as, on February 1, 2011, the Court received a letter from him, stating, in its entirety: "In answer to your letter dated January 19, 2011[,] I was unaware of the statu[t]es of limitations of the law. I forgot [defendant] Darell Mooore[']s name until I got back incarcerated."

### B. Failure To Effect Service or Otherwise To Prosecute the Action

Rule 4(m) dictates that, where timely service is not made after notice to the plaintiff, the Court may dismiss the action without prejudice. Further, a plaintiff has a general obligation to prosecute his case diligently, and, if he fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). "A plaintiff's lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted); *see also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d Cir. 1980) ("a dismissal is justified for [the plaintiff's] failure to

prosecute at all"). The Court need not wait for a motion to dismiss, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), and is not required to provide notice of the dismissal, *see West*, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court may even dismiss an action *with* prejudice, where a plaintiff fails to prosecute his case. *Link*, 370 U.S. at 630-31.

In this action, it appears that Plaintiff has failed to take even basic steps necessary to pursue his case. He did not keep the Court apprised of his contact information and did not communicate in any way with the Court for an extended period of time; he seemingly made no efforts to effect service on the defendants; and he has not shown good cause why service could not have been accomplished in a timely manner. Plaintiff's purported ignorance of Rule 4(m)'s time limits does not constitute "good cause" for his delay, as ignorance of the law is not considered a valid excuse for a *pro se* plaintiff's failure to effect timely service. *See Conway v. Am. Red Cross*, No. CV-10-1859(SJF)(ARL), 2011 U.S. Dist. LEXIS 8340, at *5 (E.D.N.Y. Jan. 26, 2011) (citing cases). Nor does Plaintiff's statement that he forgot a defendant's name suffice to constitute "good cause." *See Conway*, 2011 U.S. Dist. LEXIS 8340, at *5 ("Inadvertence, mistake or neglect does not constitute good cause for an extension[.]" (citations omitted)). On these facts, dismissal of the action without prejudice would be warranted under Rules 4(m) and 41(b). *See, e.g., Holton v. City of New York*, 133 F.3d 907 (Table), No. 97-2105, 1998 WL 29825, at *1 (2d Cir. Jan. 27, 1998) (dismissal without prejudice is appropriate where *pro se* plaintiff has failed to effectuate timely service); *Grant v. Aurora Loan Servs.*, No. 08 Civ. 100 (NGG), 2008 WL 4326532, at *2 (E.D.N.Y. Sept. 2, 2008) (same); *Powell v. Dep't of Corr.*, No. 00 Civ. 5260 (LAK), 2001 WL 1502551, at *2 (S.D.N.Y. Oct. 29, 2001) (same); *Gorham v. Transit Workers Union of Am.*, No. 98

Civ. 313 (JGK), 1999 WL 163567, at *7 n.4 (S.D.N.Y. Mar. 24, 1999) (same), *aff'd*, 205 F.3d 1322 (2d Cir.), *cert. denied*, 531 U.S. 884 (2000).

### C. **Failure To Exhaust**

Furthermore, even if the Court were to excuse Plaintiff's neglect of his action, either because he may not have understood Rule 41(m)'s requirements or because, for some reason, he felt unable to fill out the service forms, it is clear from the face of the Complaint that Plaintiff did not, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, fully exhaust his administrative remedies prior to filing his Complaint, *see* 42 U.S.C. § 1997e(a). While the Complaint indicates that Plaintiff filed a grievance about the alleged assault at some point between the date of that alleged assault (November 15, 2008) and the date of his Complaint (November 20, 2008), the Complaint also demonstrates that Plaintiff did not appeal any denial of that grievance, prior to filing his Complaint. In fact, according to his own allegations, Plaintiff's grievance had not even been ruled upon, as of the time that Plaintiff submitted his Complaint to this Court. (*See* Complaint, ¶ F(3) ("My grievance were never answered as of yet.").)

All claims of misconduct regarding prison conditions must be exhausted *before* they can be raised in this Court. *Mateo v. Alexander*, 08 Civ. 8797 (RJH) (DCF), 2010 U.S. Dist. LEXIS 11270, at *8 (S.D.N.Y. Feb. 9, 2010) (citing *Burgos v. Craig*, No. 06-5505, 307 Fed. Appx. 469, 470 (2d Cir. 2008) ("[Exhaustion] must be completed before suit is filed, and completing the exhaustion requirements only after filing suit is insufficient.")). This requires the plaintiff to appeal his grievance through each available level of the grievance process. *See Booth v. Churner*, 532 U.S. 731, 736-38 (2001); *Santiago v. Meinsen*, 89 F. Supp. 2d 435, 440 (S.D.N.Y. 2000). Even if Plaintiff exhausted his claims after filing his Complaint, "'the greater good forbids allowing a case to proceed where administrative remedies have been exhausted while the

4

complaint is pending, and requires in such a case dismissal of the [claims], to be re-filed, if the plaintiff wishes, with the addition of paragraphs explaining how administrative remedies have been exhausted.'" *Mateo v. Alexander*, 2010 U.S. Dist. LEXIS 11270, at *9 (quoting *Mendez v. Artuz*, No. 01-4157, 2002 U.S. Dist. LEXIS 3263, 2002 WL 313796, at *2 (S.D.N.Y. Feb. 27, 2002)).

As it is clear from the face of Plaintiff's Complaint that Plaintiff did not exhaust his claims prior to filing his Complaint, the Complaint should also be dismissed, without prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Federal Procedure. *See id.*

## CONCLUSION

For all of the reasons set forth above, I recommend that Plaintiff's claims be DISMISSED without prejudice pursuant to Rules 4(m), 12(b)(6), and 41(b) of the Federal Rules of Civil Procedure, and that the case be closed on the Docket of the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, United States Courthouse, 500 Pearl Street, Room 1920, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992);

*Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
        May 6, 2011

                                        Respectfully submitted,

                                        DEBRA FREEMAN
                                        United States Magistrate Judge

Copies To:

Hon. George B. Daniels, U.S.D.J.

*Pro Se* Office, S.D.N.Y.

Mr. Oscar Sanders
441-10-08682
OBCC
1600 Hazen Street
East Elmhurst, NY 11370